# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | |
|---|---|
| **MITCHELL HEBERT** | **CIVIL ACTION NO. 02-1188** |
| **VS.** | **SECTION P** |
| **BURL CAIN, WARDEN** | **JUDGE DOHERTY** |
| | **MAGISTRATE JUDGE METHVIN** |

### *REPORT AND RECOMMENDATION*

Louisiana inmate Mitchell Hebert filed a FRCP Rule 60(b) Motion for Relief of Judgment on February 8, 2007. Hebert claims that "... the written judgment denying and dismissing with prejudice his application for writ of *habeas corpus* contains plain errors which should be recognized and rectified by the district court."  Hebert characterizes the "plain error" as follows: "The U.S. District Court erroneously invoked the *Stone v. Powell* bar on *habeas* review with respect to petitioner's claim that the confession that was obtained while he was in the custody of the Lafayette City Police Department was unlawful, citing *Dunaway v. New York*; *Wong-Sun* doctrine subsequent progeny." [doc. 38]

This Motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the Motion be **DENIED.**

### *Background*

On April 21, 1997 Hebert was found guilty as charged of first-degree murder following trial by jury in the Fifteenth Judicial District Court, Lafayette Parish. He was sentenced to life

2

without parole.  His conviction was affirmed and his applications for post-conviction relief were denied by the Louisiana courts.

On June 2, 2002 he filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 which argued three claims for relief: (1) his warrantless arrest was without probable cause and violated his rights under the Fourth Amendment and therefore his subsequent confession should have been suppressed as the fruit of that unlawful arrest; (2) he was denied his rights under the Fifth Amendment when officers failed to scrupulously honor his previously invoked right to remain silent; (3) he was denied equal protection and due process because of the unconstitutional process used to select the foreman of the Lafayette Parish Grand Jury. [doc. 1]

On February 13, 2003, the undersigned authored a Report recommending dismissal of Hebert's Fourth Amendment claim.  In so doing, the undersigned noted,

> In his first issue, petitioner claims that a confession he made while in custody of the Lafayette Police Department was unconstitutionally obtained because the confession occurred after an unlawful arrest. This issue was the subject of one of several pretrial motions filed by petitioner and was extensively litigated in the state courts. See *State v. Hebert*, 97-1742, 716 So. 2d at 65.
>
> A federal court may not grant *habeas* relief based on a Fourth Amendment violation where the state has provided an opportunity for full and fair litigation of the issue. *Stone v. Powell*, 428 U.S. 465, 493-95, 96 S.Ct. 3037, 3052-53, 49 L.Ed.2d 1067; *Williams v. Collins*, 16 F.3d 626, 637 (5th Cir.), *cert. denied*, 115 S.Ct. 42 (1994). This rule applies to all claims arising under the Fourth Amendment. See e.g. *Cardwell v. Taylor*, 461 U.S. 571, 572, 103 S.Ct. 2015, 2016, 76 L.Ed.2d 333 (1986)(arrest).  [doc. 15, p. 4]

Hebert  objected to the report and argued that the *Stone v. Powell* doctrine was no longer viable following the enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA)  of 1996. [doc. 16]

3

On March 10, 2003, United States District Judge Rebecca F. Doherty rejected his argument and signed a judgment dismissing Hebert's Fourth Amendment claim. [doc. 17] The remaining claims were served and answered, and on September 25, 2003 the undersigned authored a Report recommending dismissal of these remaining claims. [doc. 28] On November 4, 2003 Judge Doherty dismissed the remaining claims. [doc. 30]

On December 8, 2003 Hebert filed a Notice of Appeal and Application for Certificate of Appealability seeking review of all claims, including the Fourth Amendment claim dismissed by the March 10, 2003 judgment.  [docs. 31- 32] On December 15, 2003 Judge Doherty denied his request for COA. [doc. 34] In due course the record on appeal was transmitted to the United States Fifth Circuit Court of Appeals.

On January 24,  2005, the United States Fifth Circuit Court of Appeals affirmed the dismissal of Hebert's petition for writ *of habeas corpus*.  In so doing, that Court noted,

> On March 30, 2003, this Court denied Hebert's application for a COA as to all claims except for the Fifth Amendment issue, for which this Court granted a COA. [doc. 37, *Mitchell Hebert v. Burl Cain*, Warden, No. 03-31158; see also *Hebert v. Cain*, 121 Fed. Appx. 43, 45. ]

Thus, the dismissal of Hebert's Fourth Amendment claim was affirmed on March 30, 2003 when the Fifth Circuit denied a COA as to that issue.  Hebert's subsequent petition for *certiorari* was denied by the United States Supreme Court on October 4, 2004. *Hebert v. Cain*, 543 U.S. 911, 125 S.Ct. 84, 160 L.Ed.2d 190 (2004).

Hebert filed his FRCP Rule 60(b) Motion on February 8, 2007. [doc. 38]

4

### *Law and Analysis*

Ordinarily, a Rule 60(b) motion seeking relief from a judgment denying a *habeas corpus* petition filed pursuant to 28 U.S.C. §2254 is treated as a "second and successive" petition under §2244(b).  *Kutzner v. Cockrell*, 303 F.3d 333, 338 (5th Cir.2002); *Hess v. Cockrell*, 281 F.3d 212, 214-15 (5th Cir.2002); *Fierro v. Johnson*, 197 F.3d 147, 151 (5th Cir.1999), *cert. denied*, 530 U.S. 1206, 120 S.Ct. 2204, 147 L.Ed.2d 237 (2000); *United States v. Rich*, 141 F.3d 550, 551-52 (5th Cir.1998).

Hebert argues that his Rule 60(b) Motion is not a second and successive *habeas* since this court invoked the doctrine of *Stone v. Powell* to avoid reaching the merits of his Fourth Amendment claim, and it is this allegedly erroneous application of *Stone v. Powell* that he contends entitles him to relief from judgment. [doc. 38, Section II, p. 2, "The ... court erroneously invoked the *Stone v. Powell* bar on *habeas* review with respect to petitioner's claim ..." ] Therefore, to the extent that Hebert attacks "... not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal *habeas* proceedings..." he is correct; his Motion is not a second and successive *habeas* petition.  *Gonzalez v. Crosby*, 545 U.S. 524, 532, 125 S.Ct. 2641, 2648, 162 L.Ed.2d 480 (2005).  In other words, since Hebert's Motion "... merely asserts that a previous ruling which precluded a merits determination was in error..." his Motion should not be considered second and successive.  *Id.*, at footnote 4.

Nevertheless, the Motion must be denied. Hebert claims entitlement to relief  pursuant to Rule 60(b)(1) because of "... mistake, inadvertence, surprise, or excusable neglect..." [doc. 38, p. 1]  His Motion is untimely since motions based on these grounds must be made "... not more than one year after the judgment, order, or proceeding was entered or taken..." and, as shown above,

5

the judgment in question was entered on March 10, 2003 [doc. 17] and Hebert did not file his

Motion until February 8, 2007.

Hebert also claims that he is entitled to relief pursuant to Rule 60(b)(6), "... any other

reason justifying relief from the operation of the judgment..." While there is no specific time limit

for such motions, they must, nevertheless, be made within a "reasonable time." Hebert's motion,

which was filed almost four years after the entry of the judgment complained of, was clearly not

filed within a " reasonable time." Hebert might suggest that he was unaware of his right to seek

relief under Rule 60(b) until June 23, 2005, the date the Supreme Court decided *Gonzalez v.*

*Crosby, supra*. Nevertheless, such an argument does not explain why he allowed almost two years

to elapse between the publication of that decision and the filing of his motion. In other words,

Hebert's motion, whether pursuant to 60(b)(1) or (6) is subject to dismissal as untimely.

Even if considered timely, the motion also fails on its merits. As the undersigned noted in

the previous Report and Recommendation, "A federal court may not grant *habeas* relief based on

a Fourth Amendment violation where the state has provided an opportunity for full and fair

litigation of the issue. *Stone v. Powell*, 428 U.S. 465, 493-95, 96 S.Ct. 3037, 3052-53, 49 L.Ed.2d

1067; *Williams v. Collins*, 16 F.3d 626, 637 (5th Cir.), *cert. denied*, 115 S.Ct. 42 (1994). This rule

applies to all claims arising under the Fourth Amendment. See e.g. *Cardwell v. Taylor*, 461 U.S.

571, 572, 103 S.Ct. 2015, 2016, 76 L.Ed.2d 333 (1986)(arrest)."  [doc. 15, p. 4] In *Cardwell*, the

Court observed,

> In *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), Powell,
> like the respondent in this case, argued that evidence used in his trial was the
> product of an illegal arrest. This Court held that federal courts could not, on a state
> prisoner's petition for a writ of *habeas corpus*, consider a claim that evidence
> obtained in violation of the Fourth Amendment should have been excluded at his
> trial, when the prisoner has had an opportunity for full and fair litigation of that

> claim in the state courts. The Court of Appeals in this case, however, did just that, holding that the custodial statements made by Taylor were obtained in violation of our decision in *Dunaway*. *Dunaway* relied not on the involuntariness of the statements made–a concern under the Fifth Amendment – but on whether there was an unattenuated causal link between the statements and a violation of the Fourth Amendment. Indeed, the Court in *Dunaway* sought to dispel any 'lingering confusion between 'voluntariness' for purposes of the Fifth Amendment and the 'causal connection' test established' for purposes of the Fourth Amendment.  442 U.S., at 219, 99 S.Ct., at 2260. Therefore, under *Stone v. Powell*, the Court of Appeals should not have considered the petitioner's argument that *Dunaway* required the exclusion of his statements. Only if the statements were involuntary, and therefore obtained in violation of the Fifth Amendment, could the federal courts grant relief on collateral review. *Cardwell v. Taylor*, 461 U.S. at 572-73.

In other words, this court did not err when it determined that federal *habeas corpus* review of Hebert's Fourth Amendment claim was barred by the *Stone v. Powell* doctrine.

Accordingly, since the Motion is both untimely and without merit,

**IT IS RECOMMENDED** that the FRCP Rule 60(b) Motion [doc. 38] be **DENIED**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal**

7

**conclusions accepted by the District Court, except upon grounds of plain error.  *See,***

***Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

Signed at Lafayette, Louisiana, on March 12, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)